# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RENEE COBB,<br>Appellant, | DOCKET NUMBER<br>DC-0752-20-0183-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: July 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Edward Harris, Jr., Esquire, North Las Vegas, Nevada, for the appellant.

Daniel Fevrin, Esquire, and Kathleen A. O'Neill, Washington, D.C., for the agency.

Lauren Leathers, Esquire, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her indefinite suspension based upon the suspension of her security

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

clearance. On review, the appellant disputes the appropriateness of the administrative judge's legal analysis and several of his rulings throughout the processing of her appeal. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly affirmed the appellant's indefinite suspension.

We agree with the administrative judge's determination to sustain the appellant's indefinite suspension. Initial Appeal File (IAF), Tab 37, Initial Decision (ID). As a General Engineer, the appellant occupied a noncritical sensitive position that required her to obtain and maintain a security clearance. IAF, Tab 12 at 509. Once the appellant's access to classified information, assignment to a sensitive position, and physical access to the Naval Sea Systems Command (NAVSEA) Headquarters facilities were suspended, she became unable to perform the essential functions of her position, or any position within NAVSEA. IAF, Tab 11 at 6, Tab 12 at 10, Tab 13 at 4-6. Therefore, we agree

with the administrative judge's findings that the appellant's indefinite suspension was for an authorized reason, had an ascertainable end, was reasonable, and promoted the efficiency of the service. ID at 9-14.

The administrative judge correctly applied the harmful procedural error doctrine.

On review, the appellant argues that the agency's correction of the shortened notice period should be considered an attempt to moot her appeal through the rescission of the action. PFR File, Tab 1 at 4. As a result, the appellant asserts that the administrative judge applied the incorrect analysis of harmful procedural error when analyzing the shortened notice period, and should have applied the case law applicable to an agency's incomplete efforts at rescission. *Id.* We agree with the administrative judge's use of the harmful procedural error standard. ID at 10-13.

The Board has analyzed shortened notice periods in violation of 5 U.S.C. § 7513(b)(1) using a harmful procedural error analysis. *Callery v. Department of Justice*, 50 M.S.P.R. 158, 162 (1991); *Metzger v. Department of Housing and Urban Development*, 6 M.S.P.R. 434, 436 (1981) (finding that an appellant failed to establish harmful procedural error when he was terminated via a reduction in force 2 days before the required 70-day notice period ended). To prove harmful procedural error, the appellant must prove that the agency committed an error in application of its procedures and that it is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 9 (2016); 5 C.F.R. § 1201.4(r). Although the agency erred in placing the appellant in an indefinite suspension status less than 30 days after providing her notice, the appellant has not shown that had the agency given her the full 30 days, it would have resulted in an outcome different than the imposition of an indefinite suspension.[2] ID at 12-13. Thus, because the shortened notice period did not

---

[2] Generally, in the absence of a showing of harm, where an agency improperly shortens the requisite 30-day period, the Board remedies the error by ordering the agency to

affect the outcome of this matter, the appellant did not establish harmful procedural error. *Id.*

### Although the administrative judge abused his discretion in excluding the appellant's exhibits, the error did not affect the outcome of this appeal.

On review, the appellant argues that the administrative judge abused his discretion in excluding her exhibits because she failed to mark her exhibits pursuant to the administrative judge's instructions in the January 3, 2020 Order and Notice of Hearing, Status Conference, and Prehearing Conference (Hearing Order). PFR File, Tab 1 at 5-6. An administrative judge has wide discretion to control the proceedings of an appeal. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); 5 C.F.R. § 1201.41. In order to obtain a reversal of an initial decision based upon an abuse of discretion, the petitioning party must show that the resulting error affected the outcome of the case. *Sanders*, 114 M.S.P.R. 487, ¶ 10; 5 C.F.R. § 1201.115(c). While we find that the administrative judge abused his discretion in excluding the appellant's exhibits, we do not find that the error affected the outcome of the case.

The Hearing Order directed the parties to submit prehearing submissions, including "a copy of exhibits accompanied by an index identifying the documents. [The parties] must separately mark for identification every document in the lower right hand corner. The appellant must mark exhibits by letter, the agency by number. Each exhibit exceeding 10 pages in length must be paginated." IAF, Tab 19 at 2. The Hearing Order did not advise either party of any consequences for failing to adhere to the directives. *Id.* at 1-4.

The appellant timely filed her prehearing submission, including citations to relevant cases, statutes, rules, and other authorities, a copy of various agency policies, a table of exhibits, a statement of facts and argument related to various

---

compensate the appellant for the full 30-day period. *Callery*, 50 M.S.P.R. at 162. The record establishes that the agency did correct the effective date of the suspension and provided back pay to the appellant. IAF, Tab 32 at 5-9. The appellant does not dispute that she was provided with back pay. PFR File, Tab 1 at 6.

defenses, and approximately forty pages of emails, letters, and screenshots of text messages. IAF, Tab 27. Although the appellant's filing was jumbled, the appellant included a table of exhibits, Bates-stamped the documents in the bottom right-hand corner, and marked the exhibits in the upper right-hand corner with a letter. *Id.* at 6-7, 84-114. Nonetheless, the administrative judge excluded the appellant's exhibits, stating that none of the exhibits were marked in accordance with the Hearing Order.[3] IAF, Tab 29 at 5. However, the administrative judge did note that the appellant could refer to the relevant sections of agency regulations, as the Board can take judicial notice of regulations. *Id.*

We find that the administrative judge abused his discretion in excluding the appellant's exhibits. Although the appellant's manner of identifying her exhibits was peculiar, it appears that she made a good-faith effort to follow the instructions contained within the Hearing Order, including a table of exhibits, paginating the exhibits, and identifying the exhibits with a letter in the top right-hand corner.[4] IAF, Tab 27 at 6-7, 84-114. Furthermore, the administrative judge failed to provide the appellant with an opportunity to cure any errors in markings and also failed to provide her with notice that mismarking the exhibits would result in exclusion of her exhibits. IAF, Tabs 19, 29. Given that the appellant attempted to comply with the Hearing Order and the administrative judge failed to provide the appellant with an opportunity to correct her errors or any notice as to the consequences of her errors, the administrative judge abused

---

[3] In his summary of the prehearing conference, the administrative judge stated that "none were unmarked as exhibits as directed in the Hearing Order of January 3, 2020. Accordingly they will not be accepted as hearing exhibits." IAF, Tab 29 at 5. We assume, based upon the context and the appellant's prehearing submissions, that the exhibits were excluded due to a marking issue.

[4] Although it is unclear why the appellant lettered her exhibits in a non-consecutive manner, the Hearing Order did not require that the letters or numbers be consecutive. IAF, Tab 19 at 2, Tab 27 at 84-114. Additionally, while the Order required documents over 10 pages to be paginated, the appellant Bates-stamped the entire document instead of separately paginating each exhibit over 10 pages. IAF, Tab 19 at 2, Tab 27 at 84-114.

his discretion in excluding the appellant's exhibits. *See Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 8 (1999) (concluding that the administrative judge abused her discretion by excluding exhibits after failing to provide the appellant with a reasonable opportunity to comply with the judge's order).

However, the appellant must establish that the disallowed exhibits would have changed the outcome of the appeal to prevail on a petition for review. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 14 (2013) (finding that the appellant did not prevail because she failed to establish how the disallowed exhibits would have changed the outcome of the case). While we believe that the administrative judge abused his discretion by excluding the appellant's exhibits, the appellant has not explained the impact of the disallowed exhibits on the outcome of the case. PFR File, Tab 1 at 5-6. The proposed exhibits included: a letter to the appellant regarding her Freedom of Information Act (FOIA) request from 2016, a memorandum for the record written by the appellant about the suspension of her security clearance, an information technology department work ticket from 2016, a property pass authorizing the appellant to take a laptop from the agency facility from 2018, an email from the appellant regarding her computer, another property pass from 2019, confirmation of her submission of the FOIA request from 2016, and a series of text messages that appear to be largely personal in nature, dated 2015 to 2016. IAF, Tab 27 at 84-114. Although the appellant states on review that she believes the exclusion was unwarranted and unjust, she does not explain how the exclusion tangibly affected the outcome of the case, except to claim that the exhibits establish that the indefinite suspension was "personal." PFR File, Tab 1 at 7-8.

However, the exhibits do not rebut the facts that led the administrative judge to affirm the indefinite suspension, namely that the appellant's security clearance was suspended, that she could not perform the essential functions of her job or any other position within NAVSEA without a security clearance, that the indefinite suspension would end upon final disposition of the security clearance,

and that she was afforded rights under 5 U.S.C. § 7513. ID at 9-14. Because the administrative judge's abuse of discretion did not result in an error that affected the outcome of this appeal, there is no need to disturb the administrative judge's findings. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The administrative judge did not exhibit bias or favoritism in his rulings.

The appellant asserts that the administrative judge exhibited favoritism or bias in his rulings, to include allowing the agency to supplement the agency file with evidence of a corrected effective date for the indefinite suspension and payment of back pay in response to the appellant's claim of harmful procedural error. PFR File, Tab 1 at 6.

The administrative judge has wide discretion to control his proceedings. *Sanders*, 114 M.S.P.R. 487, ¶ 10 (2010); 5 C.F.R. § 1201.41. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). The appellant has not identified any conduct by the administrative judge that would reflect antagonism or favoritism, nor has she raised any allegations that would support a finding of bias. The fact that an administrative judge ruled against the appellant is insufficient evidence to show bias. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 11 (2004). Thus, we find that the appellant has not overcome the presumption of honesty and integrity that accompanies an administrative judge or established that the

administrative judge abused his discretion in allowing the agency to supplement the agency file.[5]

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] The appellant also asserts that the administrative judge improperly limited the scope of the appeal by declining to hear the appellant's numerous affirmative defenses. PFR File, Tab 1 at 7. We see no error in the administrative judge's framing of the issues in this matter. IAF, Tab 19 at 1. The Board is limited in its authority to review adverse actions based upon the suspension or revocation of a security clearance and is unable to review the substance of the underlying security clearance determination, including affirmative defenses of discrimination and reprisal. *Wilson v. Department of the Navy*, 843 F.3d 931, 935 (Fed. Cir. 2016); *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 7 (2014).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** <u>**Judicial or EEOC review of cases involving a claim of discrimination**</u>. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.